# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| SARON N. CAMERON, | |
| *Plaintiff*, | Civil Case No.: 3:25-cv-12766-JFA |
| -v- | **COMPLAINT** |
| HOBBY LOBBY STORES, INC., | (Jury Trial Demanded) |
| *Defendant*. | |

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Saron N. Cameron ("Plaintiff"), is a citizen and resident of the State of Georgia.

2. Defendant, Hobby Lobby Stores, Inc. ("Defendant Hobby Lobby"), is a corporation organized and existing under the laws of the State of Oklahoma, with its principal place of business located in the State of Oklahoma.

3. On the day of the crash, Defendant Hobby Lobby was a motor carrier registered under DOT Number 302821, subject to regulation by the Federal Motor Carrier Safety Administration and was authorized to conduct business in South Carolina.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a), as there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), as the crash giving rise to this action occurred in Lee County, within the Columbia Division of the District of South Carolina.

## FACTUAL ALLEGATIONS

6. Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

7. On July 9, 2025, Plaintiff was lawfully operating her motor vehicle eastbound on Interstate 20 in Lee County, South Carolina.

8. At that same time and place, an agent or employee of Defendant Hobby Lobby, acting in the course and scope of his agency or employment with Hobby Lobby, was operating a tractor-trailer bearing a "Hobby Lobby" company logo and what appears to be an Oklahoma license plate "BJ-3500."

9. Defendant Hobby Lobby's agent or employee failed to maintain the tractor-trailer within its lane, crossed the center line and violently collided with Plaintiff's vehicle.

10. As a direct and proximate result of the collision, Plaintiff suffered serious and permanent injuries, incurred substantial medical expenses, lost wages, endured pain and suffering, and sustained other damages.

11. At all relevant times, Defendant Hobby Lobby's agent or employee or employee was acting within the course and scope of his employment and agency with Defendant Hobby Lobby, making Defendant Hobby Lobby vicariously liable for his conduct under the doctrine of *respondeat superior*.

## FIRST CAUSE OF ACTION
(Negligence)

12. Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

13.     Defendant Hobby Lobby's agent or employee owed Plaintiff the duty to operate his vehicle safely, lawfully, and with due regard for the safety of others on the roadway.

14.     Defendant Hobby Lobby's agent or employee breached that duty by, among other things, failing to keep his vehicle within his lane, failing to maintain a proper lookout, failing to keep proper control, failing to yield the right-of-way, and otherwise operating his vehicle in an unreasonable and unsafe manner.

15.     As a direct and proximate result of Defendant Hobby Lobby's agent or employee's negligence, Plaintiff sustained the injuries and damages previously described.

16.     Defendant Hobby Lobby is vicariously liable for the negligent acts and omissions of its employee and agent.

SECOND CAUSE OF ACTION
(Negligence *Per Se*)

17.     Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

18.     Defendant Hobby Lobby's agent or employee violated the following statutory duties contained in the South Carolina Code of Laws, among others, each of which was enacted for the safety and protection of motorists, including Plaintiff:

    a.  §56-5-1900 (improper lane change);

    b.  §56-5-2150 (improper turning movements and failure to signal);

    c.  §56-5-1520 (duty to keep proper lookout and avoid collisions)

    d.  §56-5-2920 (reckless driving); and

    e.  § 56-5-3230 (drivers to exercise due care).

19. Each statutory violation constitutes negligence *per se* and was a direct and proximate cause of the collision and Plaintiff's resulting injuries and damages.

20. Defendant Hobby Lobby is vicariously liable for the negligence *per se* of its employee and agent.

## THIRD CAUSE OF ACTION
(Recklessness, Willfulness, and Punitive Damages)

21. Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

22. In addition to the foregoing acts of negligence and negligence *per se*, Defendant Hobby Lobby's agent or employee's conduct constituted recklessness, willfulness, and wantonness.

23. Such conduct demonstrates a conscious indifference to the rights and safety of Plaintiff and others lawfully on the roadway.

24. Defendant Hobby Lobby is vicariously liable for the reckless, willful and wonton conduct of its employee and agent.

25. As a direct and proximate result of Defendant Hobby Lobby's agent or employee's reckless, willful, and wanton conduct, for which Defendant Hobby Lobby is vicariously liable, Plaintiff is entitled to an award of punitive damages in addition to actual damages.

## FOURTH CAUSE OF ACTION
(Vicarious Liability)

26. Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

27. At the time of the crash, Defendant Hobby Lobby's agent or employee acted in the scope of his agency or employment on behalf of Defendant Hobby Lobby.

28. Defendant Hobby Lobby is vicariously liable for the negligent, negligent per se, reckless, willful and wonton conduct of its employee and agent.

FIFTH CAUSE OF ACTION
(Direct Negligence)

29. Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

30. At all times relevant, Defendant Hobby Lobby owed duties to the motoring public, including Plaintiff, to exercise reasonable care in the hiring, training, supervision, and retention of its drivers.

31. Defendant Hobby Lobby breached these duties by hiring and retaining its driver despite its knowledge, actual or constructive, of his unfitness, inexperience, unsafe driving history, or incompetence to safely operate a commercial motor vehicle.

32. Defendant Hobby Lobby further breached its duties by failing to properly train its driver in the safe operation of tractor-trailers, including compliance with the federal motor carrier safety regulations and industry safety standards.

33. Defendant Hobby Lobby also failed to adequately supervise and monitor its driver's driving performance and continued to employ him despite evidence or warning signs of unsafe driving practices.

34. As a direct and proximate result of Defendant Hobby Lobby's negligent hiring, training, supervision, and retention of its driver, Plaintiff sustained serious and permanent injuries, incurred medical expenses, lost wages, endured pain and suffering, and sustained other damages.

35. Plaintiff is entitled to recover actual and punitive damages against Defendant Hobby Lobby for its direct negligence.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant, jointly and severally, for actual and compensatory damages in an amount to be determined by the jury, punitive damages in an amount sufficient to punish Defendant and deter similar conduct; costs of this action; attorneys' fees, pre- and post-judgment interest, and such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**MORGAN & MORGAN P.A.**

/s/ *James G. Biggart II*
JAMES G. BIGGART II, ESQ.
Federal ID:     14195
COOPER KLAASMEYER, ESQ.
Federal Id:     14272
4401 Belle Oaks Drive, Suite 300
North Charleston, SC 29405
Telephone: (843) 973-5186
Fax:     (843) 947-6113
jbiggart@forthepeople.com
cooper.klaasmeyer@forthepeople.com
biggartlitigation@forthepeople.com
**Attorneys for the Plaintiff**

September 30, 2025
Charleston, South Carolina