**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| SARON N. CAMERON, *Plaintiff*, -v- HOBBY LOBBY STORES, INC., *Defendant*. | Civil Case No.: 3:25-cv-12766-JFA <br><br> **PLAINTIFF'S ANSWERS TO COURT INTERROGATORIES** |

Pursuant to Local Rule 26.01, Plaintiff answers the Court Interrogatories as follows:

(A) State the full name, address, and telephone number of all persons or legal entities who may have a subrogation interest in each claim and state the basis and extent of that interest.

**None known at this time.**

(B) As to each claim, state whether it should be tried jury or nonjury and why.

**Plaintiff demanded a jury trial in the original complaint.**

(C) State whether the party submitting these responses is a publicly owned company and separately identify (1) any parent corporation and any publicly held corporation owning ten percent (10%) or more of the party's stock; (2) each publicly owned company of which it is a parent; and (3) each publicly owned company in which the party owns ten percent (10%) or more of the outstanding shares.

**Plaintiff is not a publicly owned company.**

(D) State the basis for asserting the claim in the division in which it was filed (or the basis of any challenge to the appropriateness of the division). See Local Civ. Rule 3.01 (D.S.C.).

**(1)     The motor vehicle collision giving rise to Plaintiff's claim occurred in Lee County, which is within the Columbia Division and (2) the amount in controversy exceeds $75,000.00 due to Plaintiff's serious injuries.**

(E) Is this action related in whole or in part to any other matter filed in this district, whether civil or criminal? If so, provide (1) a short caption and the full case number of the related action; (2) an explanation of how the matters are related; and (3) a statement of the status of the related action. Counsel should disclose any cases that may be related regardless of whether they are still pending. Whether cases are related such that they should be assigned to a single judge will be determined by the clerk of court based on a determination of whether the cases arise from the same or identical transactions, happenings, or events; involve the identical parties or property; or for any other reason would entail substantial duplication of labor if heard by different judges.

**No.**

(F) [Defendants only.] If the defendant is improperly identified, give the proper identification and state whether counsel will accept service of an amended summons and pleading reflecting the correct identification.

**N/A**

(G) [Defendants only.] If you contend that some other person or legal entity is, in whole or in part, liable to you or the party asserting a claim against you in this matter, identify such person or entity and describe the basis of their liability.

**N/A**

(H) Parties or Intervenors in a Diversity Case. In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, name – and identify the citizenship of – every individual or entity whose citizenship is attributed to that party or intervenor. This response must be supplemented when any later event occurs that could affect the court's jurisdiction under § 1332(a).

**Plaintiff Saron N. Cameron is a citizen of the State of Georgia.**

**Defendant Hobby Lobby Stores, Inc. is a citizen or subject of the State of Oklahoma.**

Respectfully submitted,

**MORGAN & MORGAN P.A.**

/*s/ James G. Biggart II*
JAMES G. BIGGART II, ESQ.
Federal ID:     14195
COOPER KLAASMEYER, ESQ.
Federal Id:     14272
4401 Belle Oaks Drive, Suite 300
North Charleston, SC 29405
Telephone: (843) 973-5186
Fax:     (843) 947-6113
jbiggart@forthepeople.com
cooper.klaasmeyer@forthepeople.com
biggartlitigation@forthepeople.com
**Attorneys for the Plaintiff**

September 30, 2025
Charleston, South Carolina