IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| SARON N. CAMERON,<br><br>              Plaintiff,<br><br>vs.<br><br>HOBBY LOBBY STORES, INC.,<br><br>              Defendants. | Civil Action No. 3:25-cv-12766-JFA<br><br>**DEFENDANT HOBBY LOBBY STORE'S, INC. ANSWER TO COMPLAINT**<br><br>**(Jury Trial Demanded)** |

Defendant Hobby Lobby Stores, Inc., (hereinafter "Defendant") by and through its understanding counsel, hereby answers Plaintiff's Complaint and respectfully asserts the following:

**FOR A FIRST DEFENSE**

1. Each and every allegation of Plaintiff's Complaint not specifically qualified or admitted is hereby denied.

**FOR A SECOND DEFENSE**

2. Defendant asserts Plaintiff's Complaint fails to state a claim upon which relief can be granted, and therefore, the Complaint should be dismissed pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*.

**FOR A THIRD DEFENSE**

3. Defendant is presently without knowledge or information sufficient to form a belief as to the allegations in Paragraph 1 of Plaintiff's Complaint and demands strict proof thereof.

4. Defendant objects to the allegations in Paragraph 2 of Plaintiff's Complaint on the grounds it states a legal conclusion, and therefore, does not require a response.

1

5. Defendant objects to the allegations in Paragraph 3 of Plaintiff's Complaint on the grounds it states a legal conclusion, and therefore, does not require a response.

6. Defendant objects to the allegations in Paragraph 4 of Plaintiff's Complaint on the grounds it states a legal conclusion, and therefore, does not require a response. Further responding, Defendant is presently without knowledge or information sufficient to form a belief as to Plaintiff's alleged damages and demands strict proof thereof.

7. Defendant objects to the allegations in Paragraph 5 of Plaintiff's Complaint on the grounds it states a legal conclusion, and therefore, does not require a response. Notwithstanding this objection, Defendant admits that Lee County is within the Columbia Division of the District of South Carolina

8. Paragraph 6 of Plaintiff's Complaint does not require a response. To the extent that it does, Defendant reasserts its responses to Paragraph 1 through 5 of Plaintiff's Complaint as if stated verbatim herein.

9. Defendant denies the allegations in Paragraph 7 of Plaintiff's Complaint and demands strict proof thereof.

10. Defendant objects to the allegations in Paragraph 8 of Plaintiff's Complaint on the grounds it states a legal conclusion, and therefore, does not require a response.

11. Defendant denies the allegations in Paragraph 9 of Plaintiff's Complaint and demands strict proof thereof.

12. Defendant denies the allegations in Paragraph 10 of Plaintiff's Complaint and demands strict proof thereof.

13. Defendant objects to the allegations in Paragraph 11 of Plaintiff's Complaint on the grounds it states a legal conclusion, and therefore, does not require a response. Notwithstanding

this objection, Defendant denies that Defendant or its employee were negligent on the date in question and demands strict proof thereof.

14. Paragraph 12 of Plaintiff's Complaint does not require a response. To the extent that it does, Defendant reasserts its responses to Paragraph 1 through 11 of Plaintiff's Complaint as if stated verbatim herein.

15. Defendant objects to the allegations in Paragraph 13 of Plaintiff's Complaint on the grounds it states a legal conclusion, and therefore, does not require a response.

16. Defendant denies the allegations in Paragraph 14 of Plaintiff's Complaint and demands strict proof thereof.

17. Defendant denies the allegations in Paragraph 15 of Plaintiff's Complaint and demands strict proof thereof.

18. Defendant denies the allegations in Paragraph 16 of Plaintiff's Complaint and demands strict proof thereof.

19. Paragraph 17 of Plaintiff's Complaint does not require a response. To the extent that it does, Defendant reasserts its responses to Paragraph 1 through 16 of Plaintiff's Complaint as if stated verbatim herein.

20. Defendant denies the allegations in Paragraph 18 of Plaintiff's Complaint (including subparts a through e) and demands strict proof thereof.

21. Defendant denies the allegations in Paragraph 19 of Plaintiff's Complaint and demands strict proof thereof.

22. Defendant denies the allegations in Paragraph 20 of Plaintiff's Complaint and demands strict proof thereof.

23. Paragraph 21 of Plaintiff's Complaint does not require a response. To the extent that it does, Defendant reasserts its responses to Paragraph 1 through 20 of Plaintiff's Complaint as if stated verbatim herein.

24. Defendant denies the allegations in Paragraph 22 of Plaintiff's Complaint and demands strict proof thereof.

25. Defendant denies the allegations in Paragraph 23 of Plaintiff's Complaint and demands strict proof thereof.

26. Defendant denies the allegations in Paragraph 24 of Plaintiff's Complaint and demands strict proof thereof.

27. Defendant denies the allegations in Paragraph 25 of Plaintiff's Complaint and demands strict proof thereof.

28. Paragraph 26 of Plaintiff's Complaint does not require a response. To the extent that it does, Defendant reasserts its responses to Paragraph 1 through 25 of Plaintiff's Complaint as if stated verbatim herein.

29. Defendant objects to the allegations in Paragraph 27 of Plaintiff's Complaint on the grounds it states a legal conclusion, and therefore, does not require a response. Notwithstanding this objection, Defendant asserts neither Hobby Lobby nor its employees acted in a negligent manner on the date of the alleged crash and demands strict proof thereof.

30. Defendant denies the allegations in Paragraph 28 of Plaintiff's Complaint and demands strict proof thereof.

31. Paragraph 29 of Plaintiff's Complaint does not require a response. To the extent that it does, Defendant reasserts its responses to Paragraph 1 through 28 of Plaintiff's Complaint as if stated verbatim herein.

32. Defendant objects to the allegations in Paragraph 30 of Plaintiff's Complaint on the grounds it states a legal conclusion, and therefore, does not require a response.

33. Defendant denies the allegations in Paragraph 31 of Plaintiff's Complaint and demands strict proof thereof.

34. Defendant denies the allegations in Paragraph 32 of Plaintiff's Complaint and demands strict proof thereof.

35. Defendant denies the allegations in Paragraph 33 of Plaintiff's Complaint and demands strict proof thereof.

36. Defendant denies the allegations in Paragraph 34 of Plaintiff's Complaint and demands strict proof thereof.

37. Defendant denies the allegations in Paragraph 35 of Plaintiff's Complaint and demands strict proof thereof.

38. Defendant denies the Plaintiff is entitled to the relief requested in the prayer of Plaintiff's Complaint.

**FOR A FOURTH DEFENSE**
**(Comparative Negligence)**

39. Defendant pleads the law and doctrine of comparative negligence as a complete defense to this action and/or a reduction in the Plaintiff's damages on the grounds that the Plaintiff failed to keep a proper lookout, failed to observe the conditions existing at the time and place referred to therein, and failed to act as a reasonable person would under the same or similar circumstances.

**FOR A FIFTH DEFENSE**
**(Sole Negligence of Plaintiff)**

40. Defendant asserts that any injuries or damages allegedly sustained by Plaintiff were due to and caused by the sole negligence and/or willfulness of Plaintiff, and therefore, the Defendant is not liable to Plaintiff for any sum whatsoever.

## FOR A SIXTH DEFENSE
### (Negligence of Third Party)

41. Further answering said Complaint, Defendant alleges, upon information and belief, that any injury and damage sustained by Plaintiff was due to and caused by the sole and negligent acts or omissions of some other person or persons other than Defendant over whom Defendant neither had nor exercised any authority or control, and, therefore, Defendant is not liable to Plaintiff for any sum whatsoever.

## FOR A SEVENTH DEFENSE
### (Last Clear Chance)

42. Defendant would show that Plaintiff had the last clear chance to avoid the accident but failed to do so and, therefore, Plaintiff cannot recover against Defendant. In the alternative, Defendant pleads last clear chance as a factor of comparative negligence.

## FOR A SEVENTH DEFENSE

43. Defendant asserts that any injuries or damages sustained by Plaintiff was due to and caused by Plaintiff's negligence, carelessness, and/or recklessness ("negligence"), combining, concurring, and contributing with the alleged negligence of Defendant, if any, without which, the Plaintiff's alleged injuries and damages would not have been incurred or sustained. Should the negligence of the Plaintiff be shown to be greater than that of the Defendant, Plaintiff is not entitled to any recovery. Should the negligence of the Plaintiff be shown to be less than that of the Defendant, the Plaintiff's recovery should be reduced by Plaintiff's percentage of fault.

## FOR AN EIGHTH DEFENSE

44.     Defendant asserts entitlement to all benefits, privileges, protections and limitations on any punitive damages award under the South Carolina Fairness in Civil Justice Act of 2011, as codified in S. C. Code Ann. §§ 15-32-510, 15-32-520, 15-32-530 and 15-32-540.

### **RESERVATION AND NON-WAIVER**

45.     Defendant reserves any additional and future defenses as may be revealed by additional information during the course of discovery and investigation and as is consistent with the *Federal Rules of Civil Procedure*.

WHEREFORE, having fully answered, Defendant prays that the Complaint be dismissed, for the costs of defending this action, and for such other relief as the Court and jury deem just and proper.

Respectfully Submitted,

GALLIVAN WHITE & BOYD, P.A

*/s/ Charles O. Williams, III*
Charles O. Williams, III (Federal ID 8010)
GALLIVAN, WHITE & BOYD, P.A.
55 Beattie Place, Suite 1200
P.O. Box 10589 (29603)
Greenville, SC  29601
(864) 271-5347 Direct
(864) 271-9580 Main
(864) 271-7502 Fax
cwilliams@gwblawfirm.com

Greenville, South Carolina

October 17, 2025