IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Saron N. Cameron, | C/A No. 3:25-cv-12766-JFA |
| Plaintiff, | |
| v. | |
| Hobby Lobby Stores, Inc., | **AMENDED SCHEDULING ORDER** |
| Defendant. | |

Pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this District, the Court hereby establishes the following schedule for this case.[1] This Scheduling Order is entered to administer the trial of this case in a manner consistent with the ends of justice, in the shortest possible time, and at the least possible cost to litigants.

This formal Scheduling Order allows for a generous time period within which to complete discovery. Therefore, requests to extend the discovery and trial deadlines will be granted only in exceptional situations. Also, any request to extend a deadline that may impact the trial date must be accompanied by a Client Consent Form, a copy of which is attached hereto.

1. Expert Witness Disclosures: (*See footnote for important changes in this Rule*)[2]
   The parties shall file and serve the witness disclosures required by Rule 26(a)(2)(B) and (C) by the following dates:

    Plaintiff:          **May 15, 2026;**

---

[1]  The Court has noted a discernible and disturbing trend wherein counsel, sometimes by agreement, disregard deadlines set forth in the Court's scheduling order. The Court takes this opportunity to advise counsel that a scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987) (quoting *Gestetner Corp. v. Case Equipment Co*., 108 F.R.D. 138, 141 (D.Me. 1985)).

[2]  The rules governing expert witness disclosures changed effective December 1, 2010. Rule 26(a)(2)(B) or "2B" witnesses are those traditional expert witnesses who must prepare a written report (for example, a witness retained or specially employed to provide expert testimony in the case or one whose duties as the parties' employee regularly involves giving expert testimony). The new category of expert witnesses covered by 26(a)(2)(C) or "2C" witnesses are not experts in the traditional sense of being retained specifically to provide expert testimony. Rather, they are witnesses such as a treating physician or an employee who may have certain expert-type information and who may offer some type of expert opinion testimony along with his or her fact testimony. As to these "2C" witnesses, Rule 26(a)(2)(C) requires a summary disclosure be made by the attorney (not the witness) of the subject matter on which the witness is expected to present expert testimony and a summary of the facts and opinions to which the witness is expected to testify.

Defendant:          **December 18, 2026.**

2. <u>Discovery</u>: All discovery shall be completed **May 14, 2027**.  The parties shall serve all discovery requests in time for the responses thereto to be made by this deadline.

3. <u>Dispositive Motions</u>: The parties shall file dispositive motions by **June 4, 2027.** [3]

4. <u>Trial</u>: This case will go to trial during the **September/October 2027** term of court. [4] Counsel, parties, and witnesses should plan their schedules, including vacations, accordingly.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

June 9, 2026                              Joseph F. Anderson, Jr.
Columbia, South Carolina          United States District Judge

---

[3]  If this action survives summary judgment and is not otherwise resolved prior to trial, the Court will issue a second "Pretrial Scheduling Order" containing additional deadlines and pretrial requirements.

[4]  The Court exempts this case from the pretrial disclosure requirements of Rule 26(a)(3).  However, the Court expects strict compliance with Local Rule 26.07 (obligation to meet, mark, and exchange exhibits) and Local Rule 26.05 (pretrial briefs).

**SPECIAL NOTICE TO COUNSEL WITH CASES
BEFORE JUDGE JOSEPH F. ANDERSON, JR.**

---

Please carefully review the following instructions relating to problems that frequently arise regarding scheduling orders and related litigation management issues.

Judge Anderson's standard preferences for courtesy copies, proposed orders, pretrial briefs, and the like are listed on the court's website (www.scd.uscourts.gov) under District Judges, "Judge Anderson's Filing Preferences."

---

**COMMUNICATIONS WITH CHAMBERS**

All communications with the court must be in writing and filed in the CM/ECF docket. It is never appropriate for counsel to call Judge Anderson on a case-related matter, and it is rarely appropriate for attorneys to copy the court on correspondence between counsel.

**MODIFICATION OF THE SCHEDULING ORDER**

Requests for modification of the formal Scheduling Order must be made in a written motion filed in CM/ECF and not by email, fax or telephone. The deadlines in the formal Scheduling Order issued by this court are established with careful consideration to the nature of the case and the amount of time necessary for discovery. For this reason, modifications should seldom be necessary. If, however, it becomes necessary to seek a modification, such motion must be accompanied by a signed Client Consent Form (Attachment B). In addition, the motion for an extension must be made in compliance with Local Civil Rule 6.01 addressing the following:

(1)     Date of the current deadline;

(2)     Whether the deadline has been previously extended;

(3)     The number of additional days requested and the proposed new deadline;

(4)     Whether the extension would affect other deadlines;

(5)     The reasons for the requested extension;

(6)     The extent to which the parties have diligently pursued discovery during the originally specified period. This showing requires a specification of the discovery (including deposition by witness name and date) which has been completed and the depositions including witness name) and other discovery which remain to be completed.

(7)     Whether opposing counsel consents to or opposes the extension.

Do not wait until the last day before the deadline to request a modification or extension. Do not call chambers to determine if the extension has been granted. Check the docket through CM/ECF. Absent extraordinary circumstances, requests should be made sufficiently in advance to allow the court time to rule on the motion before the deadline passes. *See* Local Civil Rule 6.01 and 6.02.

<u>ATTACHMENT B</u>
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

|  |  |  |
|---|---|---|
|  | ) | C/A No.: |
|  | ) |  |
| vs. | ) | CLIENT CONSENT TO EXTEND |
|  | ) | SCHEDULING ORDER DEADLINES |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |

*Use the following form for a first request:*

_____ I, the undersigned litigant, a party to the above captioned action, hereby give my consent to my attorney's request that the deadlines in the formal Scheduling Order be extended. I understand that the revision of the formal Scheduling Order will require a delay in the trial of my case.

*Use the following form for second or subsequent requests*:

_____ I, the undersigned litigant, a party to the above captioned action, hereby give my consent to my attorney's request that the deadlines in the formal Scheduling Order be extended. I understand that the revision of the formal Scheduling Order will require a delay in the trial of my case. I further understand that this Scheduling Order has been modified (and the trial date postponed) at the request of my attorney on _____ previous occasions.

Individual Litigant:     _____
                          Signature

                          _____
                          Print Name


Corporate Litigant:      _____
                          Signature of Officer

                          _____
                          Name of Corporation

                          _____
                          By

                          _____
                          Its